# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JUDITH THOMPSON            *
        Plaintiff
                             *

        v.                              Civil No. – ELH-10-1364

TIMOTHY H. DORSEY, et al.     *

        Defendants       *
                             ******

## **MEMORANDUM**

Col. Terrence Sheridan, defendant, has filed a Motion For Protective Order (ECF 30), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In the motion, Col. Sheridan asks the Court to prevent him from having to respond to plaintiff's discovery requests (i.e., interrogatories and a deposition) until such time as the Court resolves Sheridan's motion to dismiss the complaint. *See* ECF 27. The motion to dismiss (ECF 27) became ripe on June 1, 2011,[1] the same date on which Sheridan filed his Motion For Protective Order.

As the record reflects, on May 27, 2010, plaintiff filed suit solely against Timothy Dorsey (ECF 1), alleging violations of her federal and state constitutional rights, as well as common law battery. Trooper Dorsey filed an Answer on or about February 4, 2011. Thereafter, on March 3, 2011, the Court issued a Scheduling Order (ECF 15), authorizing the two parties to commence discovery. *See* Local Rule 104.4 (providing that "discovery shall not commence and disclosures need not be made until a scheduling order is entered.").

---

[1] On June 7, 2011, Sheridan also filed a Motion To Quash Subpoena For Captain John Greene (ECF 31), discussed *infra*. Plaintiff filed her opposition to the motion to quash the next day, June 8, 2011. *See* ECF 32. However, she has not yet responded to the Motion For Protective Order. Although plaintiff's response to the protective order motion is not yet due, it is noteworthy that the protective order motion was filed almost a week prior to the motion to quash. It is not clear to the court why plaintiff responded to the motion to quash before responding to the motion for protective order.

On March 18, 2011, approximately ten months after suit was filed, plaintiff filed an Amended Complaint (ECF 20), adding Col. Sheridan as a defendant, based on a claim of supervisory liability. Sheridan was served with the suit on or about April 6, 2011. ECF 24.

On May 12, 2011, Sheridan filed a motion to dismiss the suit as to Sheridan, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. ECF 27. He asserted two grounds for dismissal: Plaintiff failed to state a claim upon which relief can be granted, and Sheridan is entitled to qualified immunity. Plaintiff filed her opposition on May 18, 2011 (ECF 28), and Sheridan filed his Reply on June 1, 2011. ECF 29. Thus, the motion to dismiss is now awaiting a ruling from this Court.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is generally filed prior to the issuance of a scheduling order. In that circumstance, discovery would not yet be authorized under Local Rule 104.4 (stating that "discovery shall not commence ... until a scheduling order is entered"). In this case, however, the Scheduling Order (ECF 15) was issued at a time when Sheridan was not yet a party to the case. Had Sheridan been a party to the case, a scheduling order would not have been issued until the resolution of his motion to dismiss.

In my view, Sheridan's Motion For Protective Order is meritorious. Therefore, the Court will enter a Protective Order staying discovery as to Col. Sheridan, until such time as the Court rules on his motion to dismiss.[2]

Col. Sheridan has also moved to quash a notice of records deposition and subpoena for Captain John Greene, pursuant to Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure. Captain Greene is the custodian of records for the Maryland State Police.

---

[2] Because plaintiff's response to the Motion For Protective Order is not due until June 20, 2011, the Order shall grant leave to plaintiff to move to rescind.

According to Col. Sheridan, plaintiff's notice of records deposition and subpoena "seeks records regarding the internal affairs investigation conducted into allegations for a sexual assault that Plaintiffs made against defendant Dorsey in March 2009, the general orders and rules of the Maryland State Police regarding the investigation of allegations of sexual misconduct, and records of complaints of sexual misconduct, sexual harassment, sexual assault or molestation, made against MSP Troopers over a ten year period." (ECF 31)

Relying on F.R.Civ.P. 45(c)(3)(iv) and F.R.Civ.P. 21(b)(1), Sheridan contends that a motion to quash a subpoena is properly granted when the subpoena "subjects a person to undue burden." Claiming that "[t]he proper scope of the subpoena cannot be determined prior to the Court's ruling" on his pending motion to dismiss (ECF 31, at 4), Sheridan maintains that, "at this point in time, requiring any response from Captain Greene for this subpoena would subject him to an undue burden because the proper scope and limitations of this litigation are in flux pending the ruling on defendant Sheridan's Motion to Dismiss." *Id.* Further, Sheridan asserts: "It is impossible to engage in an analysis of what is relevant to the actions prior to a ruling on the Motion to Dismiss because the parameters of relevance will shift pending on the outcome of the Motion.[]" *Id.* He adds that "Captain Greene cannot know what objections are properly raised until the scope of the litigation is clear." *Id.*, at 4-5. In his view, "The outcome of the Motion to Dismiss will determine the proper scope of the subpoena and what objections are appropriate."[3] *Id.*, at 5.

As noted, plaintiff promptly filed a response to the motion to quash. ECF 32. She complains that the motion to quash "serves no legitimate purpose except to delay and obstruct

---

[3] In his motion to quash, Sheridan seeks to preserve substantive objections to the records subpoena, but suggests that "it is appropriate to defer a more thorough analysis of the substantive objections to the subpoena request until after the Court has ruled" on his motion to dismiss.

the plaintiff's legitimate right to discovery under the rules." ECF 32, at 1. But, Thompson concedes that it is "possibly true" that, as to some of the records requested in the subpoena, Captain Greene may be unnecessarily burdened if he is required to comply with the subpoena in advance of the Court's ruling on his Motion to Dismiss, given that the Court may grant that motion. ECF 32, at 1. In particular, plaintiff "acknowledges that the documents sought in paragraphs 3 and 4 of the notice of deposition seek information that relates directly to the claims against Sheridan." ECF 32, at 3. Moreover, plaintiff "agrees that she can wait for the Court's ruling on the motion to dismiss before enforcing the subpoena for those records."

Nevertheless, plaintiff insists that the claim of undue burden is "certainly not [true] as to all the records sought" in the subpoena. *Id.* She contends that, notwithstanding the pendency of the motion to dismiss, plaintiff "is still entitled to discover the documents listed in paragraphs 1(a-f) and 2 of the notice of deposition...."[4] *Id.*, at 1-2. According to plaintiff, she is entitled to the following documents, *id.* at 2:[5]

> 1. All documents which related to the disciplinary charges against Trooper Dorsey ("Dorsey") in connection with the incident, including but not limited to the following:
>
>    a) written or recorded statements of the witnesses;
>
>    b) transcripts and audio records of testimony at the administrative trial board hearing;
>
>    c) video footage and/or audio recording of any part of the traffic stop of the plaintiff;

---

[4] Plaintiff does not argue that the motion to quash lacks merit because it was filed by Sheridan, not Greene.

[5] Because neither side has produced a copy of the subpoena in issue, the Court cannot verify Sheridan's claim that plaintiff's subpoena covers a ten-year span of records. But, I shall assume the accuracy of plaintiff's representation of the particular documents set forth in ¶¶ 1(a-f) and 2.

      d) police radio communications with respect to the traffic stop of the plaintiff and any computer aided dispatch records documenting the stop;

      e) written findings, conclusions and decision of the administrative trial board with respect to the disciplinary charges which were filed against you in connection with this incident;

      f) any other documents relating to the administrative trial board proceedings.

    2. General orders or rules and regulations issued by the Maryland State Police governing the investigation of alleged acts of sexual misconduct and/or sexual harassment.

The Court is of the view that, to the extent that the subpoena seeks discoverable records pertinent to plaintiff's claims against Dorsey, the pendency of Sheridan's motion to dismiss is not a valid basis to quash the entire subpoena. Conversely, as to the portion of the subpoena directed to claims against Sheridan, the motion to quash has merit. The Court expresses no opinion, however, as to any specific objections the defense may have as to the production of particular documents.

Accordingly, in a separate Order, the Court will deny the motion to quash as to paragraphs 1 and 2, and grant it as to paragraphs 3 and 4.

Date: June 9, 2011

/s/
Ellen Lipton Hollander
United States District Judge